**ALLSTATE INSURANCE COMPANY, Appellant,**

v.

**Russell Loren SMITH and Dorothy K. Smith, Appellees.**

**No. 4876.**

Court of Civil Appeals of Texas, Waco.

Feb. 5, 1970.

Watson & Weed, Waco, for appellant.

Haley, Fulbright, Winniford, Sessions & Bice, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is appeal by defendant-insurance company from judgment for plaintiffs-insured, for $452.33 in suit on a "Homeowners Policy" issued plaintiff by defendant.

Plaintiffs Smith sued defendant insurance company, alleging defendant issued them a policy of insurance, insuring against loss or damage to their home located at 5118 Lake Arrowhead Drive in Waco, Texas; that on September 7, 1968 while such policy was in effect, a water pipe in a concrete slab in the house burst, causing damage and loss amounting to $452.33; and that defendants denied liability for such loss.

Defendant by answer asserted plaintiffs loss was excluded by provision "i" of its policy which provided that the insurance does not cover:

"i. Loss caused by inherent vice, wear and tear, deterioration, rust * * *".

Trial was before the court without a jury which rendered judgment for plaintiff for $452.33.

The trial court filed findings and conclusions, pertinent of which follow:

### FINDINGS OF FACT

1) The policy of insurance was issued to plaintiffs by defendant, and was in full force and effect.

2) A section of water pipe burst in September 1968, causing water damage to the insured premises.

3) Water leaking from the ruptured pipe caused the wooden beams and plates in the vicinity of the pipe to begin rotting.

4) $452.33 was necessarily expended for repairs to plaintiffs residence, all of which repairs were necessitated and occasioned by the rupture of the water pipe.

### CONCLUSIONS OF LAW

1) The policy covered all risks of physical loss except as specifically excluded.

2) Loss resulting from water damage is a risk of physical loss not otherwise excluded by the terms of the policy.

3) The rotting and deterioration of the wooden beams and plates resulted from water leakage, and exclusion "i" does not bar recovery, because the policy further provides that exclusion "i" shall not apply to water damage.

Defendant appeals on 4 points contending the trial court erred in finding:

1) That exclusion "i" does not bar recovery.

2) That the ruptured water pipe caused damage to the insured premises.

3) That $452.33 is recoverable as damages necessarily incident to the water damage and to protect the property from further damage.

4) That water leaking from the ruptured pipe caused wooden beams and plates to begin rotting.

The policy insures against "all risks of physical loss" except as excluded. Exclusion "i" states the policy does not cover loss by "inherent vice". The policy further provides:

" * * * Exclusion "i" * * * shall not apply to ensuing loss caused by * * * *water damage,* or * * * provided such losses would otherwise be covered under this policy."

The evidence reflects the house was approximately 3 years old; that it was built on a concrete slab; that the rupture in a copper water pipe was discovered in September 1968, but had been leaking for an unknown period; that some of the lumber in the walls was beginning to rot and showed evidence of damage by water; that the beams were beginning to rot; that water discolors copper pipe, and that the copper pipe was very discolored. It is further in evidence that the ruptured copper pipe was caused by either a defect of the manufacturer, or it was crimped by a workman when it was installed. The copper pipe cost $27.27; and the tearing out of the wall and floor, and replacing of same cost $452.33.

◼ We think there is ample evidence to support the findings of the trial court.

Employers Casualty v. Holm, Tex.Civ. App., (NWH), 393 S.W.2d 363, involving identical policy provisions, is persuasive. In that case the court held that loss, which resulted from defective construction in insureds home of a shower stall so that water leakage caused wood flooring to rot and deteriorate, was covered by comprehensive policy which insured "all risks of physical loss", and which excepted water damage from operation of clause excluding loss by inherent vice.

In Holm the inherent vice was in the defective shower stall. Water leaked out due to the inherent vice in the shower stall and caused damage. No recovery was allowed for the cost of the shower stall, but recovery was allowed for breaking into the floor, finding the cause of the leak, and replacing the floor. The inherent vice in this case was the defective copper pipe. No recovery was allowed for the $27.27 cost of its replacement. The $452.33 allowed was for the cost of tearing out the floor and wall to find the source of the leak, and the cost of replacing same. This was the situation in the Holm case.

◼ The water damage caused by the unforeseeable bursting of the pipe was a "risk of physical loss", as contemplated by the policy; and the "ensuing loss" from the water damage necessarily included the cost of tearing out and reconstructing the wall and floor.

Defendant's points and contentions are overruled. The judgment is correct.

Affirmed.