**PETROLIA INSURANCE COMPANY, Appellant,**

v.

**Charles E. EVERETT and wife, Jeryl J. Everett, Appellees.**

**No. 08–86–00059–CV.**

Court of Appeals of Texas, El Paso.

Oct. 15, 1986.

Gregg Owens, Bullock, Scott & Neisig, Midland, for appellant.

Phillip Godwin, Odessa, for appellees.

Before OSBORN, C.J., and ARMENDARIZ and FULLER, JJ.

## OPINION

FULLER, Justice.

Appellees sued Appellant under their Texas Standard Homeowner's Insurance policy for damages resulting to their swimming pool. The trial court held for Appellees, and Appellant appeals. We reverse and remand for a new trial.

The crucial provisions of the insurance policy involved provided that Appellees were insured for physical loss to their home unless the loss was due to "inherent vice." The policy further stated that the exclusion such as the above "shall not apply to ensuing loss caused by ... water damage ..., provided such losses would otherwise be covered under this policy."

Appellees' swimming pool was built in April, 1981. Cool coat was applied over the concrete surrounding the pool to provide a cooler surface. Cool coat is colored concrete made with marble dust instead of rock and is commonly called the "cool deck." Evidence indicated there were no problems with the cool deck until December, 1983, when Odessa, Texas, experienced its worst winter on record. There were at least fourteen days of temperatures that stayed below freezing. Shortly thereafter, the cool deck started crumbling, and Appellees ultimately filed this suit under their policy claiming that water damage due to freezing caused the cool deck to crumble. Appellant denied the claim and contended that improper application of the cool coat brought about its own destruction and therefore the cause of damage was due to inherent vice and excludable under the policy. In *Employers Casualty Company v. Holm*, 393 S.W.2d 363 (Tex.Civ.App.—Houston 1965, no writ), the court noted:

> The term "inherent vice" as a cause of loss not covered by the policy, does not relate to an extraneous cause but to a loss entirely from internal decomposition or some quality which brings about its own injury or destruction. The vice must be inherent in the property for which recovery is sought.

The burden of proving that damage to the cool deck was not due to the inherent vice exclusion was upon Appellees. *Hardware Dealers Mutual Insurance Co. v. Berglund*, 393 S.W.2d 309 (Tex.1965); Rule 94, Tex.R.Civ.P.

The trial court made findings of fact and conclusions of law wherein it found that the cool deck was damaged during December, 1983, and it was an "ensuing loss" caused by entry of water passing into and under the cool coat, thereby causing the cool coat to crumble. An ensuing loss has been defined as a "loss which follows as a consequence of some preceding event or circumstance." *Lambros v. Standard Fire Insurance Company*, 530 S.W.2d 138 (Tex.Civ.App.—San Antonio 1975, writ ref'd).

Appellant's Points of Error Nos. One and Two urge that there is no evidence and insufficient evidence to support the trial court's implied finding that the separation of the cool coat from the concrete was not caused by inherent vice. Point of Error No. Three claims that the trial court erred in entering judgment because the greater weight and preponderance of the evidence supported a finding that the separation of the cool coat from the concrete was due to inherent vice. Point of Error No. Four claims error in finding that damage was an ensuing loss because no evidence supports such finding other than an inherent vice.

Appellant's only witness was a registered mechanical engineer employed as an investigator of weather- and fire-related structures. He testified that he had never had any experience with the construction, repair or maintenance of swimming pools

but that he was of the opinion that the cool coat was not properly applied to the concrete, therefore it didn't bond, and over a period of time it separated from the concrete. Further, improper application was an inherent vice and the damage existed before any freezing temperatures of December, 1983. Appellee, an insurance investigator for twenty years, testified that no trouble was experienced with the cool deck until December, 1983, after extremely cold temperatures were incurred. He witnessed the pouring of the cool coat when the swimming pool was built and said it was done properly.

Jesse Sandoval, a man with little formal education but with nine years' experience in building and repairing swimming pools, testified he was trained to read prints, excavate, install plumbing and apply decking, and that he was familiar with all the work that needed to be done to construct and repair a swimming pool. Over objection, he was allowed to testify that he had viewed the damage to the swimming pool and was of the opinion that the damage was due to water freezing.

■ On the one hand, you have an educated witness with no actual experience in the swimming pool business, and on the other hand, a man with a very limited education but with actual years of experience in building and repairing swimming pools. Point of Error No. Six complains of the trial court's allowing Jesse Sandoval to give an opinion as to causation. We overrule this point of error based on Rules 701 and 702, Tex.R.Evid. (Vernon Supp.1986). The trial court was better able to determine what weight should be given to the testimony.

■ We find that there is some evidence to support the trial court's implied finding of no inherent vice and that the damage was an ensuing loss that occurred from water freezing. The long passage of time between the original construction and the loss incurred, and the fact that the loss was discovered after the worst winter on record, is some evidence that supports the judgment of the trial court. We find that the evidence, however, is insufficient to support an implied finding of the trial court that the separation of the cool coat from the subsurface was not due to inherent vice. Appellant's Points of Error Nos. One, Three, Four and Six are overruled, but the Court sustains Point of Error No. Two based on insufficient evidence. Point of Error No. Five is sustained, and the cause remanded with the instruction that on retrial the court shall not allow the insurance adjuster to testify as to his interpretation of the insurance contract.

We reverse the judgment of the trial court and remand the cause for a new trial.

OSBORN, Chief Justice, concurring.

I concur. I would also hold that damage to a particular part of the insured property from some defect in that particular part of the property is not an "ensuing loss." *Allstate Insurance Company v. Smith,* 450 S.W.2d 957 (Tex.Civ.App.—Waco 1970, no writ); *Employers Casualty Company v. Holm,* 393 S.W.2d 363 (Tex.Civ.App.—Houston 1965, no writ). An "ensuing loss" is the result of damage to another part of the insured property from some defective part of the insured property. In this case, the damage to the cool coat did not result from some defect in another part of the insured premises.